IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-CR-539 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH DERRICK TURNER, | ) | SENTENCING MEMORANDUM |
| | ) | OF THE UNITED STATES |
| Defendant. | ) | |

The United States, by and through Justin E. Herdman, United States Attorney, and Assistant United States Attorney Ranya Elzein, respectfully submits this memorandum setting forth the United States' position regarding sentencing for Joseph Derrick Turner. For the following reasons, and for those to be articulated at the sentencing hearing, the United States respectfully submits that an upward variance from the applicable United States Sentencing Guidelines range is appropriate.

**I.    Factual Basis**

On May 1, 2019, law enforcement executed a search warrant at Turner's apartment after learning that he was selling heroin. PSR ¶¶ 5-6, Doc. No. 29. During the execution of the search, officers found, among other things: marijuana, drug paraphernalia, a firearm and ammunition, and approximately $3,000 in cash. *Id*. Turner admitted to selling marijuana and

heroin from his apartment, flushing heroin down the toilet as officers entered his apartment, and possessing the firearm. *Id.* ¶ 7. Officers arrested Turner for his conduct, and he was released on bond within a few days. *Id.*

Less than two months later, officers conducted a controlled purchase of .5 grams of a mixture of heroin, fentanyl, carfentanyl, and para-fluoro fentanyl from Turner. *Id.* ¶ 9.

Three days later, on June 13, 2019, officers conducted another search of Turner's apartment. *Id.* ¶ 10. This time, officers found $1,500 in cash, drug paraphernalia, marijuana, and 18.1g of a mixture of heroin, fentanyl, carfentanyl, and para-fluoro fentanyl. *Id.*

## II. Applicable Legal Standards

Familiar legal principles guide the Court's sentencing determination. The advisory Guidelines range serves as "the starting point and the initial benchmark" and thus remains an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Court then considers the factors set forth in 18 U.S.C. § 3553(a).

## III. Sentencing Guidelines Computation

The government disagrees with the United States Sentencing Guidelines computation outlined in the Presentence Investigation Report ("PSR"). Specifically, the government believes that Turner is not a career offender because his 2014 conviction for Trafficking in Cocaine does not constitute a "controlled substance offense" for career offender purposes.

A defendant qualifies as a career offender under the Guidelines if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a

crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Here, the PSR designates Turner's 2014 conviction for Trafficking in Cocaine, in violation of Ohio Revised Code Section 2925.03, as a controlled substance offense for career offender purposes. PSR ¶ 30, Doc. No. 29. Turner was convicted under Section 2925.03(A)(1), which criminalizes selling or offering to sell a controlled substance. Ohio Rev. Code § 2925.03(A)(1). Indictment and Journal Entry, Ex. A. Based on the Sixth Circuit's recent decision in *United States v. Cavasos/Serrano*, 950 F.3d 329 (6th Cir. 2020), which evaluated a similar statute, Turner's conviction does not qualify as a controlled substance offense.

*Cavasos/Serrano* held that the defendant's Texas conviction for possession of a controlled substance with intent to deliver, which criminalized "delivery," defined to include "offering to sell" controlled substances, did not qualify as a controlled substance offense for career offender purposes. 950 F.3d at 333-37. In so doing, the Sixth Circuit explained that in light of its holding in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), Section 4B1.2's definition of "controlled substance offenses" does not include attempt crimes, and as such, statutes that criminalize offers to sell controlled substances are too broad to categorically qualify as predicate "controlled substance offenses." *Id.* at 336-37. In light of this reasoning, Turner's Ohio conviction for "selling or offering to sell" cocaine likewise does not qualify as a controlled substance offense.

Accordingly, the career offender enhancements do not apply. The total offense level before acceptance of responsibility would therefore remain 26, and Turner's criminal history category would remain a V. *See* PSR ¶¶ 22, 34, Doc. No. 29. After a three-level reduction for acceptance of responsibility, Turner's total offense level would be 23, yielding a Guidelines range of 84 to 105 months.

Notably, the government does not agree with the broad holding in *Cavasos/Serrano*, which did not address the distinction between completed and incomplete attempt offenses that Judge Sutton highlighted in his concurrence in *Havis*. Specifically, while *Havis* disqualified inchoate attempt offenses from the Guidelines definition, Ohio's "offer to sell" crime is a completed offense, incorporating the notion of an "attempt" only as that term is used in ordinary, everyday language. It requires that a defendant take a particular action—here, offering to sell drugs—and complete it. A conviction under this statute does not depend on the long-recognized legal meaning of "attempt," which imposes criminal liability when a person has "an intent to commit" a separate, substantive crime and merely takes "a substantial step toward that commission," rather than complet[ing] . . . the objective of that inchoate crime," *i.e.*, the substantive crime itself. *United States v. McGhee*, 854 F.2d 905, 908 (6th Cir. 1994) (citations omitted). But for *Cavasos/Serrano*, the Ohio "offer to sell" conviction should therefore continue to fall within the Guidelines' definition. In light of this and the Section 3553(a) factors outlined below, the government believes an upward variance is warranted.

IV. **Application of Section 3553(a) Factors**

The nature and circumstances of the offenses are serious and demonstrate that Turner poses a significant danger to the community. Indeed, the danger that heroin and fentanyl poses to our community is axiomatic, and the possession of a firearm in connection with the sale of

these drugs creates the potential for even greater danger.  Further, the circumstances here are aggravated by the fact that Turner continued to sell these drugs *less than two months after his arrest for the very same conduct*.

Turner's behavior is consistent with his history and characteristics, which also support a sentence above the Guidelines range.  Indeed, the instant offense is part of a pattern of criminal activity, and specifically drug and violent activity.  In 2003, Turner was sentenced to 11 years' imprisonment for rape, aggravated burglary, and felonious assault.  PSR ¶ 28, Doc. No. 29.  He was released in 2010, and his supervision was terminated unsatisfactorily in 2014.  *Id*.  In 2012, he was convicted of attempted possession of cocaine.  *Id*. ¶ 29.  In 2013, he was convicted of attempted drug abuse for possessing cocaine.  *Id*. ¶ 31.  In 2014, he was sentenced to 30 months in prison for trafficking in cocaine, was released early, violated his community control, and was ordered to serve out the remainder of his sentence.  *Id*. ¶ 30.  And in 2019, he was convicted of aggravated possession of drugs for possessing Oxycodone tablets.  *Id*. ¶ 32.  This criminal history reflects a pattern of Turner committing an offense, serving his jail time, and then again committing a similar offense upon his release.  Turner's criminal record and inability to correct his criminal behavior demonstrate his repeated disrespect for the law and a high likelihood of recidivism.  As such, his history and characteristics support a sentence above the applicable Guidelines range, which based on his criminal history, is insufficient to deter him from continuing to engage in criminal conduct.  Indeed, seven years in prison was insufficient to deter him from engaging in criminal activity.  A lower sentence within the Guidelines range would therefore be insufficient to accomplish the goals of sentencing.

In sum, the nature and circumstances of the offense coupled with Turner's history and characteristics counsel in favor of a sentence above the applicable Guidelines range, as such a

sentence is necessary to afford just punishment, promote respect for the law, and afford adequate deterrence to both Turner and others.

                                          Respectfully submitted,

                                          JUSTIN E. HERDMAN
                                          United States Attorney

By:   /s/ Ranya Elzein
        Ranya Elzein (OH: 0090887)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio 44113-1852
        (216) 622-3929
        (216) 522-8355 (facsimile)
        Ranya.Elzein@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 20th day of May 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                              /s/ Ranya Elzein
                              Ranya Elzein
                              Assistant U.S. Attorney