UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:19 CR 539** |
| | ) | |
| Plaintiff/Respondent, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Joseph Derrick Turner,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant/Petitioner. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 64). For the following reasons, the motion is DENIED.

**Facts**

Defendant plead guilty to charges of maintaining a drug-involved premises from May 1, 2019 to June 11, 2019; being a felon in possession of a firearm and ammunition on May 1, 2019; distributing a mixture and substance containing a detectable amount of heroin, fentanyl,

1

carfentanil, and para-fluoro furanyl fentanyl on June 10, 2019; and possessing with intent to distribute 10 grams or more of a mixture and substance containing a detectable amount of heroin, fentanyl, carfentanil, and para-fluoro furanyl fentanyl on June 13, 2019. In affirming defendant's sentence on direct appeal, the United States Court of Appeals for the Sixth Circuit noted that "[b]y failing to object to the relevant facts regarding his offense conduct as set forth in the presentence report, Turner admitted those facts" which were as follows:

> [L]aw enforcement officers executed a search warrant at Turner's apartment on May 1, 2019. The officers found a handgun, ammunition, over $2,000 in currency, bags of marijuana and an unknown brown powder, marijuana edibles, vials of hashish oil, and other indicia of drug trafficking, including paper folds for packaging heroin, a digital scale, and a marijuana grinder. Upon questioning, Turner took responsibility for the handgun and admitted that he engaged in the sale of marijuana and heroin from the apartment and that he flushed heroin down the toilet as the officers made entry into the apartment. On June 10, 2019, after Turner's release from jail, a confidential informant made a controlled purchase of 0.99 grams of heroin from him. Based on Turner's continued drug-trafficking activity, law enforcement officers conducted a second search of his apartment on June 13, 2019, and found bags of marijuana and heroin, over $1,000 in currency, a scale, and a grinder, but no firearm or ammunition.

*United States of America v. Joseph Derrick Turner*, No. 20-3595 (6th Cir. April 20, 2021). Defendant was sentenced to 105 months in prison which included a two-level weapon enhancement.

The matter is now before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis

that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

### **Discussion**

Defendant asserts three claims for violation of his constitutional right to effective assistance of counsel. To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 88, 694 (1984). "In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (*citing Strickland* and *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). As discussed below, defendant fails to satisfy the *Strickland* standard.

Ground One asserts that counsel was ineffective at sentencing for failing to object to the two-level firearm enhancement. As noted by the Sixth Circuit, defendant's counsel did not object to the two-level weapon enhancement at the conclusion of the sentencing hearing when the Court asked for objections. Defendant maintains that the firearm belonged to a friend who

3

had stayed the night at defendant's residence, and defendant was not aware that she left it there and had planned to return and retrieve it. The record shows, however, that defendant's attorney originally objected to the first presentence investigation report which recommended the two-level increase. Defendant's attorney stated that a witness would testify at sentencing that the firearm belonged to her and that she left it at defendant's apartment. But, defendant's attorney withdrew the objection once the government provided him with evidence that the witness's statement contained inaccurate information about the gun, and showed that the witness was at work when she claimed to be at defendant's residence. Accordingly, there is no basis to conclude that defendant's attorney's strategic decision to withdraw the objection was unreasonable and that his performance was deficient.

Ground Two asserts that counsel was ineffective for failing to investigate the owner of the firearm. But, defendant's motion shows that his attorney did arrange for an investigator to interview this witness. (Doc. 64 Ex. A). Nonetheless, when defendant's attorney received the payroll records showing that the witness was working at the time she claimed to have been at defendant's residence, he decided not to proceed further with that defense. Deficient representation has not been demonstrated where it was revealed that the witness's statements were not based in fact.

Ground Three asserts that counsel was ineffective in giving defendant erroneous advice to induce the plea. Once again, defendant bases this claim on his assertion that his attorney knew that the owner of the firearm had left it at defendant's residence after staying the night. But, the record establishes that his attorney received information that the witness was not credible. (Doc. 54 at Ex. 1). Even assuming his attorney provided deficient representation,

4

defendant makes no showing of prejudice because he does not show how the outcome would have been different. In particular, defendant agreed to plead guilty despite knowing that he disputed ownership of the firearm. Defendant acknowledged at the time he entered his plea that he knowingly possessed ammunition. The ammunition was found in a different area of the apartment than the firearm. (Doc. 36 at 31-314). His attorney stated at the hearing that "there's ammunition there and that's certainly enough to cause a factual basis for him to plead to Count 2." (Doc. 25 Transcript of Plea Proceeding at 21-23). As such, defendant cannot show that the outcome would have been different.

For these reasons, none of defendant's grounds warrant relief from the sentence.

### Conclusion

For the foregoing reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

Dated: 11/28/22

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge